community property state, the gross income and deductions corresponding to the trade or business is treated as the income of the spouse carrying on the business for tax computation purposes. *See Chang v. Comm'r*, 48 T.C.M. (CCH) 99 (1984) (explaining that, since the wife did not exercise "substantially all of the management and control" of the business, all income derived from self-employment was attributed to the husband for purposes of computing the self-employment taxes owed). In other words, 26 U.S.C. § 1402(a) simply does not deal with who is responsible to pay taxes owed for self-employment income.

The reasoning and holding in *Heidig v. Comm'r*, 52 T.C.M. (CCH) 360 (1986), which Debtor cited, is also inapplicable. In that case, the IRS's claim for taxes and other charges was "not based upon a joint return or joint and several liability." Here, IRS specifically claims the taxes and other charges are based on Debtor's joint returns.[1]

For these reasons, and for other good cause, **IT IS HEREBY ORDERED THAT** Debtor's Amended Objection to IRS Proof of Claim, Docket No. 31, be and is hereby **OVERRULED**, and said claim be and is hereby **ALLOWED**.

---

[1] Because it concludes Debtor's objection should be denied on the merits, the Court need not reach IRS's challenge to the adequacy of service of Debtor's objection to IRS's claim.

SUMMARY ORDER - 4