# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re:** | **Bankruptcy Case** |
| RAEANN SMITH, | **No. 05-01481** |
| **Debtor.** | |

_____

### SUMMARY ORDER DENYING
### OBJECTION TO CLAIM

_____

Chapter 13 Debtor RaeAnn Smith objected to allowance of the proof of claim the Internal Revenue Service ("IRS") filed in this case for taxes, penalties and other amounts for tax years 2000, 2001, 2002, 2003 and 2004 totaling $33,876.22.  Proof of Claim No. 11, Ex. C; Am. Obj., Docket No. 31.  While Debtor admits liability for income taxes attributable to her earnings from employment, she contends she is not liable for any taxes assessed on her husband's self-employment income.  Mem. at 1, Docket No. 33.  Because Idaho is a community property state, Debtor argues 26 U.S.C. § 1402(a)(5) operates to

SUMMARY ORDER - 1

render only Mr. Smith liable for taxes assessed on his self-employment income. Therefore, Debtor contends that to the extent IRS's claim includes taxes, penalties and additions to tax attributable to Mr. Smith's self-employment income, that portion of its claim should be disallowed.

IRS contends 26 U.S.C. § 6013 renders each spouse jointly and severally liable for the entire amount of the tax when a joint tax return is filed. Mem. at 3, Docket No. 35. Because Debtor and her husband filed joint tax returns for the years in question, *see* Ex. B, IRS argues Debtor is liable to pay the entire amount of its claim, which includes taxes, penalties and additions to tax attributable to Mr. Smith's self-employment income. IRS also contends it did not receive proper notice of Debtor's objection to its claim under Fed. R. Bankr. P. 7004(b)(4) and (b)(5). Response at 1, Docket No. 30.

The Court conducted a hearing concerning Debtor's objection on October 11, 2005. At its conclusion, the parties were granted additional time to file written briefs. The issues were then deemed under advisement. Docket No. 34. Since Debtor does not challenge the way in which IRS has computed its claim, the issue presented is purely a matter of law. After considering the parties' arguments and the authorities relied upon by each, the Court concludes Debtor's objection should be denied.

SUMMARY ORDER - 2

26 U.S.C. § 6013(d)(3) explains the consequences of filing a joint income tax return. It provides that "if a joint return is made, the tax shall be computed on the aggregate income and the liability with respect to the tax shall be joint and several." 26 U.S.C. § 6013(d)(3). Taxes imposed upon self-employment income under 26 U.S.C. § 1401 are included within the scope of 26 U.S.C. § 6013. *Travers v. Comm'r*, 43 T.C.M. (CCH) 603 (1982). For the tax years in question, Debtor and her husband filed joint tax returns reporting the self-employment income Debtor's husband earned. Ex. B. As a result, by operation of 26 U.S.C. § 6013(d)(3), Debtor is obligated to pay the taxes on all income reported on those joint returns, even those taxes attributable to her husband's self-employment income. *Travers*, 43 T.C.M. at 603 (finding wife jointly and severally liable as a matter of law for taxes attributable to her husband's self-employment income reported on their joint tax return).

The statutes and cases Debtor cites are of no help to her. 26 U.S.C. § 1402(a) is a definition section, defining the term "net earnings from self-employment" and explaining the method for "computing such gross income and deductions . . . ." 26 U.S.C. § 1402(a)(5) then explains how, in a community property state, income attributable to self-employment should be allocated among the spouses for purposes of computing the self-employment taxes owed. In a

SUMMARY ORDER - 3

community property state, the gross income and deductions corresponding to the trade or business is treated as the income of the spouse carrying on the business for tax computation purposes. *See Chang v. Comm'r*, 48 T.C.M. (CCH) 99 (1984) (explaining that, since the wife did not exercise "substantially all of the management and control" of the business, all income derived from self-employment was attributed to the husband for purposes of computing the self-employment taxes owed). In other words, 26 U.S.C. § 1402(a) simply does not deal with who is responsible to pay taxes owed for self-employment income.

The reasoning and holding in *Heidig v. Comm'r*, 52 T.C.M. (CCH) 360 (1986), which Debtor cited, is also inapplicable. In that case, the IRS's claim for taxes and other charges was "not based upon a joint return or joint and several liability." Here, IRS specifically claims the taxes and other charges are based on Debtor's joint returns.[1]

For these reasons, and for other good cause, **IT IS HEREBY ORDERED THAT** Debtor's Amended Objection to IRS Proof of Claim, Docket No. 31, be and is hereby **OVERRULED**, and said claim be and is hereby **ALLOWED**.

---

[1] Because it concludes Debtor's objection should be denied on the merits, the Court need not reach IRS's challenge to the adequacy of service of Debtor's objection to IRS's claim.

SUMMARY ORDER - 4

Dated: October 25, 2005

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

SUMMARY ORDER - 5